UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEVEN HARKOLA,

                  Plaintiff,                09-CV-6318

        v.                              **DECISION**
                                                      **and ORDER**
ENERGY EAST, UTILITY SHARED SERVICES,

                  Defendant.
_____

      Plaintiff Steven Harkola ("plaintiff") brought an employment discrimination action against defendant Energy East Utility Shared Services ("defendant") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-18 and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq*. The case was closed by the Court's August 9, 2011 Decision and Order granting defendant's motion for summary judgment, based upon plaintiff's failure to establish a prima facie case of employment discrimination and retaliation, and dismissing the Complaint with prejudice.

      The Court has now received plaintiff's written request for an order to remove the case from the internet search engine, "FindACase.com." That request shall be deemed a motion requesting this Court to reopen the case for the purpose of sealing the action. Rule 5.3 of the Local Rules of Civil Procedure provides that, except where restrictions are otherwise imposed, a substantial showing is necessary to restrict the public's access to

Court documents. *See Ghadersohi v. Health Research, Inc.*, 2014 WL 1513916, at *1 (W.D.N.Y.2014) (holding that plaintiff's inability to obtain employment is an insufficient basis to seal case and prevent further publication by FindACase.com among others). "[T]he presumption of accessibility is stronger" when "the documents . . . at issue are of a type routinely filed by the court and generally accessible." *Id*. In support of his request, plaintiff asserts his belief that the publication of the Court's 2011 decision on "FindaACase.com" has damaged his ability to obtain employment due to the factual recitation of the underlying accusations made by defendant, plaintiff's former employer. The Court finds, however, that plaintiff's concerns are speculative and, in any event, they do not overcome the presumption against sealing these generally accessible documents. Consequently, plaintiff's motion to reopen the case for the purpose of sealing and removing the Court's Decision and Order from "FindACase.com" is denied.

    **ALL OF THE ABOVE IS SO ORDERED.**

                                                      S/Michael A. Telesca

                                            MICHAEL A. TELESCA
                                        United States District Judge

Dated:    Rochester, New York
            October 22, 2015